SMITHEE, Com., etc., v. MOSELY.

*Mandamus will not lie to compel Commissioner of State lands to execute a second patent.*

In a proceeding by mandamus against the Commissioner of State lands to compel him to issue a patent to the petitioner to certain lands described, it was alleged that he had, subsequent to the entry under which petitioner claimed, issued a patent to another person who had been permitted to enter the land; Held, that by the issuance of the patent the State had parted with her title, and the petitioner's remedy was by a proceeding in equity to divest the title of the patentee.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Attorney General Henderson*, for appellant.

*Ford, contra.*

HARRISON, J.:

This was an application by James A. Mosely, for a mandamus to J. N. Smithee, as Commissioner of State lands, to compel him

to execute to the petitioner, a patent for a tract of 160 acres of land, part of the swamp and overflowed lands granted to the State by Congress.

The facts are these: The tract was purchased from the State, at the Batesville land office, by B. C. Parnell, on the 2d of October 1861, and paid for in Auditor's warrants. On the 30th of December, 1861, Parnell sold and conveyed it to T. B. Mosely, the father of the petitioner, and from whom he derives his title by inheritance.

The State, through her agent, the Commissioner of Immigration and State lands, on the 1st day of April, 1872, again sold the land, the north half thereof, to Abner F. Smith, and the south half to W. C. Renfrow, and a patent was issued by the Governor to Renfrow, on the 16th day of October, 1874, and to Smith on the 24th day of December, 1874.

The petitioner applied to the Commissioner of State lands on the 22d day of September, 1876, for a patent to himself on the certificate of purchase to Parnell, of the 2d of October, 1861, which, as patents had already been made by the State for the same land, he declined to issue.

The court below, upon the hearing of the motion granted the peremptory writ, and the Commissioner appealed to this court.

The State, in making the patents to Renfrow and Smith, whether rightly or not, parted with her title, and now has nothing to grant. If in the purchase of the land, in 1861, Parnell acquired such a right to the land as entitled him to a patent for it, a Court of Equity would, in a suit by him against the party holding the legal title under the patent, declare him as holding it in trust for him, and direct a conveyance thereof, to him.

As there can be no decision upon the title where the party claiming under the patents are not before the court, the issuance of another patent to the appellee, would be a nugatory and void

act. *Hempstead* v. *Underhill's heirs*, 20 Ark., 337; *Bagnell* v. *Broderick*, 13 Pet., 436; *Houghton Co.* v. *Commissioner, etc.*, 23 Mich., 270.

The judgment of the court below is reversed, and the cause remanded to it, to dismiss the application.